IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES JENNINGS,<br>     Plaintiff,<br><br>     vs.<br><br>ACE USA, INC., and<br>ACE AMERICAN INSURANCE<br>COMPANY,<br>     Defendant. | :<br>:<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

## COMPLAINT

### INTRODUCTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and 42 U.S.C. §2000e-5(f)(3) to secure protection of and redress the deprivation of rights secured by:

   (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and the Civil Rights Act of 1991, Pub. L. 102-166 (hereinafter "Title VII"), as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), providing for relief against racial, religious, national origin and sex discrimination in employment;

   (b) The Age Discrimination in Employment Act ("ADEA"), Title 29 U.S.C. §626(b); and,

   (c) The Family and Medical Leave Act ("FMLA"), Title 29 U.S.C. §2601, *et seq.*

2. The supplemental jurisdiction of this Court is invoked to consider Plaintiff's claims under the Delaware Discrimination in Employment Act , 19 *Del.C.* §710, *et seq.*

3. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c), in that the acts, unlawful employment practices and violations of plaintiff's civil rights alleged herein were committed within the State of Delaware.

4. All conditions precedent to the institution of this suit have been fulfilled. On August 23, 2005, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said notice.

## THE PARTIES

5. Plaintiff, James Jennings, ("Jennings") is a citizen of the State of Delaware and resides therein at 20 N. Merriment Drive, Newark, Delaware 19702.

6. Defendants ACE USA, Inc., and ACE American Insurance Company, ("hereinafter collectively "Defendant") are corporations doing business in the State of Delaware and having a business address of One Beaver Valley Road, Wilmington, Delaware 19803.

7. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

8. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, the ADEA, and the Delaware Discrimination in Employment Act and is subject to the provisions of each said Acts.

## CLAIMS AGAINST THE DEFENDANT

9. Jennings was employed by the Defendant from in or about November of 2002 until on or about March 8, 2004, the date of his unlawful termination.

10. Throughout the course of his employment with the Defendant, Jennings held the position of Claims Adjuster and at all times maintained a satisfactory job performance rating in that capacity.

11. During the course of Jennings' employment, the Defendant subjected him to discriminatory and differential treatment because of his age (62) and gender (male).

12. In connection thereto, in or about October of 2003, the Defendant underwent a corporate reorganization which resulted in Jennings placement into Defendant's "Specialty Group." At this time, Jennings supervisor became one Linda Hill ("Hill"). Hill reported to one Virginia Lloyd ("Lloyd").

13. Upon said reorganization, Hill and Lloyd exponentially increased Jennings workload whereas similarly situated female Claims Adjusters were not given an increase in the amount of their workload.

14. In connection thereto, Jennings was assigned approximately ninety (90) first- party property claims and approximately one hundred and sixty (160) liability claims, for a total of two hundred and fifty (250) claims.

15. In sharp contrast, Jennings' similarly situated female co-workers were assigned merely fifty (50) to seventy-five (75) total claims.

16. In connection thereto, by January 31, 2004, Jennings inventoried a total of two hundred seventy-six (276) files.

17. In or about January of 2004, Jennings informed Hill and Lloyd of said imbalance in the workload. However, no corrective action was taken.

18. Thereafter, in or about February of 2004, Jennings was forced to take leave in accordance with the Family and Medical Leave Act ("FMLA") for one month due to a leg infection.

19. In or about March 1, 2004, upon Jennings return from FMLA leave, he learned that he had been temporarily replaced by a younger, less-experienced, female, one Janet Blades ("Blades") (approximately 35).

20. Thereafter, one week after Jennings returned from FMLA leave, the Defendant terminated his position of employment. Upon information and belief, the said Blades replaced Jennings.

21. Jennings believes and avers that the stated reason for his termination was pretextual and that the actual reason for his termination was due to discrimination based upon Jennings' age (62), gender (male) and in retaliation for taking FMLA leave.

## CLAIMS UNDER THE ADEA

22. Plaintiff incorporates by reference paragraphs 1 through 21 of his Complaint as though fully set forth at length herein.

23. The actions of the Defendant, through its agents, servants and employees, in terminating the Plaintiff because of his age, constituted a violation of the ADEA.

24. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of the ADEA, the plaintiff sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## CLAIMS UNDER TITLE VII

26. Plaintiff incorporates by reference paragraphs 1 through 25 of his Complaint as if fully set forth at length herein.

27. The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to gender discrimination in the terms, conditions and privileges of his employment, and in terminating Plaintiff, constituted a violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

28. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29. As a direct result of Defendant's willful and unlawful actions in terminating Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, Title 42 U.S.C. §2000e, *et. seq.*, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**CLAIMS UNDER THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT**

30. Plaintiff incorporates by reference paragraphs 1 through 29 of his Complaint as fully set forth at length herein.

31. The actions of Defendant, through its agents, servants and employees, in discriminating against the Plaintiff because of his age and gender constituted a violation of the Delaware Discrimination in Employment Act.

32. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the Delaware Discrimination in Employment Act, has

suffered severe emotional and psychological distress, humiliation, embarrassment, loss of reputation, loss of career opportunities, loss of self-esteem, and interest due thereon.

## CLAIMS UNDER THE FAMILY MEDICAL LEAVE ACT

33. The Plaintiff hereby incorporates by reference paragraphs 1 through 32 inclusive contained in the foregoing Complaint as though fully set forth herein.

34. At the time Plaintiff took said family and medical leave of absence, the Plaintiff was entitled to leave and protection under the provisions of the Family and Medical Leave Act pursuant to Title 29 U.S.C. §2612.

35. Specifically, the Plaintiff was entitled to twelve weeks of leave or intermittent Family and Medical Leave within the meaning of the FMLA, Title 29 U.S.C. §2601, *et seq.*

36. The Defendant unlawfully denied the Plaintiff these rights under the Family and Medical Leave Act by terminating the Plaintiff's employment in retaliation for having exercised his rights under the FMLA.

37. The unlawful actions committed by the Defendant, as aforesaid, constitute a violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

38. The aforesaid actions of the Defendant were wilful, malicious, wanton, in bad faith and in reckless disregard of the Plaintiff's rights.

39. As a direct result of the wilful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, the Plaintiff has suffered loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus backpay, front pay and interest due thereon.

**WHEREFORE**, Plaintiff requests this Court enter judgment in his favor and against Defendant and order that:

a. Defendant compensate Plaintiff with rates of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d. Defendant pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

e. Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f. The Court award such other relief as is deemed just and proper.

    s/ Joseph M. Bernstein
JOSEPH M. BERNSTEIN (#780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: jmbern001@comcast.net
Attorney for Plaintiff

Of Counsel:

Sidney L. Gold, Esquire
Traci M. Greenberg, Esquire
Lovitz & Gold, P.C.
Suite 515, Eleven Penn Center
1835 Market Street
Philadelphia, PA 19103
215-569-1999

Dated: November 14, 2005